UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHELE L. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:11-cv-01000-MJD-JMS |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON MOTION FOR ATTORNEY'S FEES**

This matter is before the Court on the motion by Plaintiff Michele Brown for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), following the Court's entry of final judgment remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings. Plaintiff seeks an award of $6,011.51.

In a suit by or against the federal government, section 204(d) of the EAJA, 28 U.S.C. § 2412(d), requires that the court award to a prevailing party (other than the United States) his attorneys' fees and expenses, unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. Financial means tests also affect eligibility for a fee award, § 2412(d)(2)(B), but those tests rarely come into play for a person seeking disability benefits under the Social Security Act. The party's motion to recover her fees must be timely and supported by an itemized statement from the party's attorney "stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(l)(B). The amount of attorneys' fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a cap

1

rate of $125.00 per hour plus an increase based on the cost of living if a fee higher than $125.00 is justified. 28 U.S.C. § 2412(d)(2)(A).

The Commissioner opposes Plaintiff's fee request on the grounds that (1) the enhanced hourly rate sought by the Plaintiff based on the increased cost of living is not justified; (2) that the hours counsel spent briefing the case were not accurately documented or reasonably expended; and (3) any EAJA fees awarded by this Court should be paid directly to the Plaintiff and not Plaintiff's counsel. The Commissioner contends that the Plaintiff's fees should be reduced to no more than $2,203.13 on the basis that Plaintiff's counsel's hours were excessive, and that he provided no justification for the cost of living rate increase, thus the proper rate should be the statutory cap of $125.00 per hour.

First, the Commissioner argues that the cost of living increase for counsel's hourly rates is not justified, and only the $125.00 statutorily mandated rate should be awarded. Congress has given district courts the discretion to award fees above the statutory ceiling if the court determines that the cost-of-living justified an enhanced rate. *See* 28 U.S.C. § 2412(d)(2)(A); *Matthew-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011). While Plaintiff is required to demonstrate a basis upon which the cost of living increase is justified, Plaintiff is not required to provide an extensive economic analysis to prove inflation and prevailing market rates, nor is he required to provide extensive proof that no other qualified attorney in the area would otherwise be available at the lower rate. The *Matthews-Sheets* decision does not prescribe any particular manner in which a lawyer might demonstrate that a cost of living increase for legal services is justified, merely that some adequate justification be provided. *See Gonzales v. Astrue*, No. 1:10-cv-00899, 2012 WL 1633937, at *2 (S.D. Ind. May 9, 2012). The cost and burden of proving that a cost of living increase is justified should not outweigh the amount of the fees requested.

The Court is satisfied that Plaintiff has provided an adequate basis for justifying the rates requested in her motion, and they are in line with hourly rates awarded by this Court in recent similar cases. *See L.S.M. v. Astrue*, No. 1:10-cv-01593-MJD-JMS, Dkt. 38; *Hart v. Astrue*, No. 1:11-cv-00043-MJD-TWP, Dkt. 41. Accordingly, the Court finds that the requested rates of $179.21 for 2011 and $183.09 for 2012 are reasonable.

Second, the Commissioner argues that Plaintiff's counsel has failed to adequately document the amount of time spent on the Plaintiff's case, and that the amount of time expended is unreasonable. The Commissioner cites to the district court's admonishment of Plaintiff's counsel in *Williams v. Astrue*, No. 1:09-cv-1577-DML-RLY, 2011 WL 2532905 (S.D. Ind. June 24, 2011) for documenting the same amount of time for several tasks in several cases over an eighteen month period. The Commissioner also cites to several cases in which Plaintiff's counsel spent similar amounts of time on work done in other social security appeals cases. [Dkt. 35 at 3-4.] However, the Commissioner ignored several other cases cited by Plaintiff's counsel in which he did not spend identical amounts of time on similar tasks. [Dkt. 36 at 3.]

Although this Court recognizes that Plaintiff's counsel has previously been warned about his billing practices in other social security appeals cases, the Court is not going to permit the Commissioner to treat the *Williams* opinion as an albatross around counsel's neck and use it as a license to challenge and unfairly scrutinize every fee request filed by this attorney. Plaintiff's counsel is an experienced attorney who handles a high volume of social security appeals. It is not unreasonable to expect that he has honed his practice in such a manner as to be able to address similar issues in a fairly routine manner. There is nothing inherently unreasonable about the amount of time spent on the case addressed in this motion, and the Court is not going to engage in the practice of comparing every EAJA filing by this particular attorney to ensure that

3

there are differences in all of his billing entries, nor will the Court deny him his rightfully earned fees on that basis alone. As such, the Court finds that there is no legitimate basis to find that Plaintiff's counsel engaged in billing practices inconsistent with the requirements of the EAJA.

The Commissioner further argues that the amount of time spent on various tasks is unreasonable. When reviewing an EAJA award, the court must exclude hours that were not reasonably expended. *Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008). The Commissioner asks the Court to reduce the number of total hours by 14.5 hours, arguing that the case was "not complex" and the amount spent on briefing is excessive. [Dkt. 35 at 9.] The Court finds that the amount of time expended on the initial and reply brief, as well as the other tasks in the case, is not unreasonable, and in light of the fact that the record in this matter comprises 367 pages, [Dkt. 14-1 – 14-8], and the examples of other cases cited by the Plaintiff [Dkt. 31-1 at 3-4], it would arguably be unreasonable to expect an attorney to spend only 18.625 hours on this successful social security appeal. Additionally, there are no entries in the Plaintiff's affidavit that the Court finds to be of a purely clerical nature such that they should be excluded. The Court finds that the 33.125 hours spent on Plaintiff's case are reasonable under the circumstances and no reduction in the number of hours is warranted.

Finally, the Commissioner argues that any EAJA fees awarded should be paid directly to the Plaintiff and should not be paid to her attorney. The Supreme Court has held that an EAJA award is payable to the litigant and is therefore subject to a Government offset to satisfy any preexisting debt that the litigant owes to the United States. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). The Supreme Court went on to note, however, payments continue to be paid directly to counsel in instances where the plaintiff does not owe a debt to the government and has assigned

his or her right to receive the fees to the attorney. *Id.* at 2529. Plaintiff has filed a copy of such an assignment executed by Plaintiff in favor of counsel. [Dkt. 31-2 at 1-2.]

Furthermore, the Commissioner has failed to make any assertion or argument that the Plaintiff does, in fact, owe any money to the government. Recently in two other cases, the court ordered the Commissioner to advise the court as to whether the United States is entitled to offset against an award of attorney's fees, and in both instances the Commissioner failed to respond in either the affirmative or the negative. *See L.S.M. v. Astrue*, No. 1:10-cv-01593-MJD-JMS; *Hart v. Astrue*, No. 1:11-cv-00043-MJD-TWP. The Commissioner is in the best position to determine whether the Plaintiff owes a pre-existing debt to the government such that it would be entitled to a right of offset prior to payment of EAJA fees to the Plaintiff, and the Commissioner should bring this fact to the attention of the Court in its opposition to the award of attorney's fees, not as a speculative assertion that only serves to delay payment. As such, the Court finds that the Commissioner has waived the argument that it is entitled to an offset for pre-existing debt owed to the United States and orders that entire amount of fees awarded under the EAJA be paid directly to Plaintiff's counsel consistent with the assignment in the record.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's petition for attorney's fees in the amount of $6,011.51.

Date: 10/11/2

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

5