UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELE L. BROWN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>)<br>Defendant. ) | No. 1:11-cv-01000-MJD-JMS |

**ORDER ON MOTION TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on Defendant Michael Astrue, Commissioner of the Social Security Administration's (the "Commissioner") Motion to Alter or Amend Judgment. [Dkt. 38.] On October 11, 2012, the Court granted Plaintiff Michelle Brown's Motion for Attorney's Fees and awarded her $6,011.51, to be made payable to her attorney, Patrick Mulvaney. [Dkt. 37.] The Commissioner objects to this award and asks the Court to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part the Commissioner's motion.

Altering or amending a judgment through granting a motion brought pursuant to Federal Rule of Civil Procedure 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," which "'is not demonstrated by the disappointment of the losing party'; rather, '[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Loparex, LLC v. MPI Release Technologies, LLC*, 1:09-CV-01411-JMS, 2012 WL 6094141 (S.D. Ind. Dec. 7, 2012) (quoting *United States v. ITT Educ. Servs.*, 2012

1

U.S. Dist. LEXIS 10512, *23–24 (S.D. Ind. 2012) (citations omitted)).  A Rule 59(e) motion should only be granted where the court has misunderstood a party, made an error of apprehension (not reasoning), where a significant change in the law occurred, or where significant new facts have been discovered.  *Id.* (citing *Nerds On Call, Inc. (Ind.) v. Nerds On Call, Inc. (Cal.)*, 598 F. Supp. 2d 910, 916 (S.D. Ind. 2008)).  Facts and arguments that the court has already considered and rejected should properly be directed to the Court of Appeals.  *Id.*

The Commissioner argues that the Court erred in granting Brown's EAJA petition on the grounds that it is not clear that her counsel submitted a statement representing time actually expended on the case, that Brown did not justify her request for an enhanced hourly rate, and that the hours spent briefing the case were not reasonably expended.  The Commissioner also argues that the Court erred in finding that the Commissioner waived any argument to offset for pre-existing debt and that the EAJA fees should be made payable directly to Brown, not her counsel, despite a valid assignment of attorney's fees.  The Commissioner's arguments essentially mirror those in his Opposition to Plaintiff's Motion for Fees Under EAJA [Dkt. 35] and do not clearly demonstrate a manifest error of law or fact.

In arguing that Plaintiff's counsel failed to accurately document the time he actually spent on Plaintiff's case, counsel's failure to justify an enhanced hourly rate, and that the amount of time spent on the case was excessive, the Commissioner does not provide any significant new facts in support of his argument, and the Court has already considered these facts and the associated arguments.  The additional citations to other EAJA applications filed by this attorney do not constitute facts that "could not have been discovered previously."  *Myers v. Scales*, No. IP 00-0457-C-T/K, 2002 WL 31242735, *1 (S.D. Ind. Aug. 30, 2002).  The Commissioner has also not cited to any significant changes in the law or the Court's failure to recognize, or disregard of,

2

controlling precedent. As such, the Commissioner has not met the standard for a motion to reconsider this ruling under Rule 59(e) and the motion to reconsider these portions of the judgment is denied.

With regard to the issue of payment of EAJA fees directly Plaintiff's attorney, the Court must make one clarification.  The Supreme Court has held that an EAJA award is subject to offset to satisfy a pre-existing debt that the litigant owes to the federal government.  *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010).  As the Supreme Court points out, "[t]he plain meaning of the word 'award' in subsection (d)(1)(A) is thus that the court shall 'give or assign by ... judicial determination' to the 'prevailing party'… attorney's fees in the amount sought and substantiated under, inter alia, subsection (d)(1)(B)." *Id.* at 2526.  Thus, an "award" does not exist until a court makes a judicial determination that a prevailing claimant is entitled to payment under the EAJA.  The Court recognizes that there may be a delay of several months between the Commissioner's response to a motion for fees under the EAJA and the date on which a court may award the fees, during which time it is possible for the claimant to incur a debt to the federal government.  As such, it would be impossible for the Commissioner to waive a right that the government did not even know it had at the time the response brief is filed.  Therefore, the Court grants the Commissioner's motion to amend the portion of the judgment that states that the Commissioner has waived its argument that the government is entitled to a right of offset by not setting forth such argument in its response brief.

However, this does not change the Court's ruling that fees awarded under EAJA may be made payable to the attorney.  The Seventh Circuit has clearly stated "if there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer…..so to ignore the assignment

3

and order the fee paid to [the claimant] would just create a potential collection problem for the lawyer." *Matthews-Sheets v. Astrue*, 653 F.3d 560, 565-66 (7th Cir. 2011).  The Supreme Court clarified in *Ratliff* that courts "award" fees under EAJA to the claimant, which is what allows the government to deduct any outstanding debts as an offset.  *Ratliff*, 130 S. Ct. at 2526.  This clarification was necessary to prevent an attorney from claiming that the fees were awarded to him under the statute and thus could not be subject to a right of offset for the claimant's debts. *Id.* at 2527.  This does not, however, invalidate the *contractual* right that the attorney has to payment, and the Supreme Court "recognize[ed] the practical reality that attorneys are the beneficiaries and, almost always, the ultimate recipients of the fees that the statute awards to "prevailing part[ies]." *Id.* at 2529.  Therefore, in cases where there is a valid assignment in favor of the claimant's attorney, the Commissioner will be afforded a reasonable period of time after the fees have been awarded to the claimant to pay the fees directly to the claimant's attorney, unless within that period of time the Commissioner files a statement with the Court, along with supporting evidence, that the claimant owes an outstanding debt to the government as of the date of the award and will exercise its right of offset.

In this case, the Court issued an Order to Show Cause on December 11, 2012 ordering the Commissioner to provide either evidence of a pre-existing debt or a statement that no such debt has been found. [Dkt. 41.]  The Commissioner responded with a statement that the Plaintiff does not owe a pre-existing debt to the government [Dkt. 42]; therefore the total amount of the fee award shall be paid directly to Plaintiff's counsel immediately.


SO ORDERED.

Date: 12/19/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

5